UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
ELIECER VALENCIA for MAURICIO
VALENCIA,

       Plaintiff,

  -against-


COMMISSIONER OF SOCIAL SECURITY,

       Defendant.
-----------------------------------------------------------------x

MEMORANDUM & ORDER

14-cv-1746 (ENV)

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ AUG 27 2014 ★

BROOKLYN OFFICE

VITALIANO, D.J.,

On March 14, 2014, *pro se* plaintiff Eliecer Valencia filed this complaint seeking review, pursuant to 42 U.S.C. § 405(g), of the final decision of the Commissioner of Social Security (the "Commissioner") denying his application for disability insurance benefits under the Social Security Act (the "Act"). Plaintiff also seeks expedited review of this case,[1] and the Court's recusal from it, by separate motions, dated July 24, 2014. Plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 is granted, but for the reasons set forth below, the complaint is dismissed and plaintiff's motions are denied.

## Background

---

[1] Plaintiff seeks expedited consideration of this action in light of his imminent eviction from his apartment. ECF No. 11. The housing matter is not before the Court, and the Court lacks jurisdiction over any eviction claims plaintiff may be attempting to raise. *See McMillan v. Dep't of Bldgs.*, No. 12-cv-318, 2012 WL 1450407, at *2 (E.D.N.Y. 2012). Moreover, given the Court's dismissal of this action in its entirety, plaintiff's motion for expedited consideration is denied as moot.

1

On July 16, 2002, plaintiff, proceeding *pro se*, brought an action in this district on behalf of his then-minor son, Mauricio, seeking review of a May 4, 1998 decision by an administrative law judge ("ALJ") denying Mauricio's claim for disabled child Supplemental Security Income ("SSI") benefits under the Act. *See Mauricio Valencia c/o Eliecer Valencia*, No. 02-cv-4121, ECF No. 1. By Order dated March 19, 2004, the Court (per Gershon, J.) entered judgment in plaintiff's favor and remanded the case to the Commissioner for a calculation of benefits. *Id.*, ECF No. 22. Not satisfied with the judgment entered in his son's favor, Valencia conducted protracted post-judgment litigation, including three completely unsuccessful appeals to the Second Circuit.

Plaintiff, undaunted, filed a second action, on August 20, 2013, purporting to appeal the same May 4, 1998 ALJ decision that was the subject of the prior suit. *See Mauricio Valencia c/o Eliecer Valencia*, No. 13-cv-4723, ECF No. 1. By Order, dated February 19, 2014, the Court granted defendant's motion to dismiss the second go-round administrative appeal on *res judicata* grounds. *Id.*, ECF No. 17. The instant complaint is plaintiff's third bite at the same apple.

## Standard of Review

When a plaintiff proceeds without legal representation, as Valencia does, a court must regard that plaintiff's complaint in a more liberal light, affording the pleadings of a *pro se* litigant the strongest interpretation possible. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Triestman v. Federal Bureau of Prisons*, 470 F.3d 471, 471 (2d Cir. 2006) (per curiam). Even so, a court must dismiss an *in forma pauperis*

2

complaint if it "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

## Discussion

There are limits to how often a court can be asked to review the same allegations against the same party. That limitation is recognized under the doctrine of *res judicata*. A district court has not only the power but the obligation to dismiss complaints *sua sponte* on *res judicata* grounds when the litigation history triggers it. *Salahuddin v. Jones*, 992 F.2d 447, 449 (2d Cir. 1993). *Res judicata* "bars later litigation if an earlier decision was (1) a final judgment on the merits, (2) by a court of competent jurisdiction, (3) in a case involving the same parties or their privies, and (4) involving the same cause of action." *EDP Med. Computer Sys., Inc. v. United States*, 480 F.3d 621, 624 (2d Cir. 2007) (internal quotation marks and alterations omitted). "[I]t is the facts surrounding the transaction or occurrence which operate to constitute the cause of action, not the legal theory upon which a litigant relies," that creates the bar to later litigation. *Saud v. Bank of N.Y.*, 929 F.2d 916, 919 (2d Cir. 1991) (internal quotation marks omitted). Valencia's newest complaint attacks precisely the same ALJ decision and Commissioner's final order as his first two, and for all the reasons the Court dismissed Valencia's complaint in his earlier action, it must do so again now. *See Valencia*, No. 13-cv-4723, ECF No. 17.

Perhaps recognizing this necessity, and hoping that *res judicata* would not apply in another judge's chambers, plaintiff also moves the Court to recuse itself.

ECF No. 10. Recusal, of course, is governed by rule. "A judicial officer is disqualified by law from acting in any proceeding in which the officer's impartiality might reasonably be questioned." *Koehl v. Bernstein*, 740 F.3d 860, 863 (2d Cir. 2014) (quoting 28 U.S.C. § 455(a)) (internal quotation marks and alterations omitted). Recusal pursuant to 28 U.S.C. § 455(a) is generally limited to those circumstances in which the alleged partiality "stems from an extrajudicial source." *United States v. Carlton*, 534 F.3d 97, 100 (2d Cir. 2008) (internal quotation marks and alterations omitted). Accordingly, "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion, and opinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible." *Weisshaus v. Fagan*, 456 F. App'x 32, 35 (2d Cir. 2012) *cert. denied*, 133 S. Ct. 126 (2012) (citing *Liteky v. United States*, 510 U.S. 540, 555 (1994)) (internal quotation marks omitted).

Plaintiff has not demonstrated a basis for recusal. The only reason he provides is that "the issues and related issues have been before and decided by Judge Nina Gershon in actions 1:02-cv-04121 and 1:13-cv-04723." ECF No. 10. In fact, while Judge Gershon was assigned to plaintiff's 2002 action, she did not decide the 2013 action, as explained above. That a party is unhappy with a court's legal rulings or other case management decisions, of course, does not constitute a valid basis for a recusal motion. *Watkins v. Smith*, No. 13-cv-1123, 2014 WL 1282290, at

*1 (2d Cir. 2014). Plaintiff points to no other basis for recusal, and the Court is aware of none. His recusal motion, therefore, is denied.

## Conclusion

For the foregoing reasons, Valencia's motions for recusal and expedited consideration are denied, and his complaint is dismissed.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal would not be taken in good faith and, therefore, *in forma pauperis* status is denied for the purpose of any appeal. *Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

The Clerk of Court is directed to enter judgment accordingly and to close this case.

SO ORDERED.

Dated: Brooklyn, New York
August 22, 2014

s/Eric N. Vitaliano

_____
ERIC N. VITALIANO
United States District Judge